In re **WORKMANS FOREST PRODUCTS, INC.,** an Oregon corporation, dba **Westcoast Forest Products,** Debtor.

**WORKMANS FOREST PRODUCTS, INC. OFFICIAL UNSECURED CREDITORS' COMMITTEE,** Plaintiff,

v.

**LOUISIANA–PACIFIC CORPORATION,** a Delaware corporation, Defendant.

Bankruptcy No. 386–02068–S11.
Adv. No. 87–0382–S.

United States Bankruptcy Court,
D. Oregon.

Jan. 22, 1988.

Dean M. Quick, Albany, Or., for plaintiff.

Leon Simson, Portland, Or., for defendant.

MEMORANDUM DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DONAL D. SULLIVAN, Bankruptcy Judge.

The defendant filed a motion for summary judgment on the grounds that the alleged preferential transfer to the defend-

ant occurred outside of the 90 day period in 11 U.S.C. § 547(b)(4)(A). The motion should be denied for the following reasons.

This case is a chapter 11 proceeding which began by the filing of an involuntary petition under chapter 7. The defendant asserted that computation of the 90 day preference period should start from the date when the debtor filed a voluntary chapter 11 petition rather than from the earlier date of the filing of the involuntary petition under chapter 7 by creditors. Creditors filed their involuntary petition on April 24, 1986. The debtor filed a chapter 11 petition with schedules on May 14, 1986 and paid the additional filing fee required to convert a chapter 7 case to chapter 11.

The triggering event for computation of the preference period is the "date of the filing of the petition," not the entry of an order for relief. 11 U.S.C. § 547(b)(4)(A). "Petition" is defined as a "petition filed under Sections 301, 302, 303 or 304 of this title as the case may be commencing a case under this title." 11 U.S.C. § 101(36).

Where the parties convert a pending case from one relief chapter to another, 11 U.S.C. § 348(a) provides, with some exceptions, that the date of filing of the petition shall not change. Finally, 11 U.S.C. § 706 gives the debtor the right to convert from chapter 7 to chapter 11 "at any time" so long as there has been no prior conversion. *See* Advisory Note to 1987 Amendment to Rule 1017(d).

The defendant's arguments which fundamentally are based upon the concept that the debtor is a party to two "cases" and that the preference action was brought in the later case are flawed. First of all, there is only a difference in semantics between a petition for relief under chapter 11 and a motion to convert to chapter 11. In substance, they are the same and as evidenced by the debtor's payment of a reduced fee for conversion, the debtor intended to convert. Secondly, given the express intention of 11 U.S.C. § 348(a) that the date of the filing of a petition not change as a result of a change in relief, it is clear that the word "case" as used in the definition of petition in 11 U.S.C. § 101(36) is used in a general sense as including any of the relief chapters mentioned. Thirdly, there is no express requirement in 11 U.S.C. § 547(b) that an order of adjudication ever be entered on the specific petition initiating the case under the Code. The intent of 11 U.S.C. § 348(a) should not be defeated by administrative ritual or lack thereof. If such a requirement must be read into the preference statute, the defect can be easily cured by the entry of an order of adjudication at this time. The defendant never had standing to object to such an order under Bankr. R. 1011(a) and should have none now. A formal order of consolidation could also be entered blessing what has already occurred if there is any doubt as to the debtor-in-possession's right to proceed.

Finally, the obvious purpose of 11 U.S.C. § 348(a) in the foregoing respect is to prevent the debtor from validating preferences by manipulating the filing date of the petition. It goes without saying that, for the same reason, the recipient of a preference should not be allowed the benefit of an opportunity denied to the debtor.

The cases cited by the parties are not on point. The Code contemplates the supersession of the first case by the second case, not the co-existence of two cases. Where supersession occurs, 11 U.S.C. § 348 retains the earlier filing date. Bankr.R. 1015(a) applies where the supersession principles do not apply and should not be interpreted in a manner to defeat Section 348(a) of the Code.

For the foregoing reason, defendant's motion for summary judgment should be denied.